FILED IN
14th COURT OF APPEALS
HOUSTON, TX
02/27/2015
CHRISTOPHER A. PRINE,
CLERK

APPELLATE COURT NO. 14-13-00961-CR

TRIAL COURT NO. 1859025

| | | |
|---|---|---|
| ERIC GUY MARKLE | § | IN THE COUNTY CRIMINAL |
| V | § | COURT AT LAW NUMBER 8 |
| THE STATE OF TEXAS | § | OF HARRIS COUNTY, TEXAS |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to the November 20, 2014, Order of the Fourteenth Court of Appeals in the above entitled and numbered cause and this Court having taken judicial notice of its files, and considered the evidence and testimony, makes the following findings of fact.

**Findings of Fact**

The Court adopts the following findings of fact[1] filed by the State of Texas in the Court of Appeals on November 12, 2014 in a motion entitled *STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*.

1. The Court finds that on June 11, 2014, a hearing was held in front of Judge Sherman Ross regarding Ms. Humphrey's progress on the records in *Washington, Bryant, Bankett, Perez, Acosta, Castilo, Matamoros,* and *Markle* (R.R.XIV 19; R.R.VI 4).

2. The Court finds that on May 22, 2014, the Fourteenth Court of Appeals

---

[1] The adopted findings bear a different paragraph number than those in the State's document.

issued an Abatement Order in *Eric Guy Markle v. the State of Texas*, 14-13-00962-CR, because Ms. Humphrey failed to file the reporter's record in that case (R.R.XIV 17; *See* Appendix Item 12 Abatement Order dated May 22, 2014).

3. The Court finds that as of June 19, 2014, Ms. Humphrey had been paid $200 to complete the record in *Eric Guy Markle v. the State of Texas*, 14-13-00961-CR (R.R.VII 8).

4. The Court finds that on June 19, 2014, Judge Ross ordered that appellant Eric Guy Markle, 14-13-00961-CR, did not have to pay Ms. Humphrey any additional money for the reporter's record because she had yet to complete any record, thus there was no indication she would ever complete the record in *Markle* (R.R.VII 7-8).

5. The Court finds that on June 24, 2014, a second hearing was to be held in which Ms. Humphrey would attend and testify to the status of multiple records, but this hearing never took place, nor did Ms. Humphrey ever appear in the courtroom for this hearing, but she claimed to be present in the building printing out unedited versions of the reporter's records in *Beal, Markle, Perez, Bryant, Acosta, Castilo, Bankett, and Matamoros* (R.R.VII 5, R.R.XIV 20, 35).

6. The Court finds that on June 27, 2014, Judge Ross inquired of counsel for

*Markle* regarding payment to Ms. Humphrey for the completion of that record, and counsel for Markle, Charles Kingsbury, stated that it would be paid in full (R.R.X 7).

7. The Court finds that on June 30, 2014, an agreement was made between Ms. Humphrey and counsel for Markle, Mr. Kingsbury, that payment for the reporter's record would be made once the record was complete (R.R.XI 13-15).

8. The Court finds that on July 7, 2014, it was determined that the audio in the *Markle* was missing the testimony of multiple witnesses (R.R.XIII 8).

9. The Court finds that on July 14, 2014, it was determined that the audio in the *Markle* case that was turned over was incomplete in violation of the order of the Court (R.R.XIV 32, 48-49).

10. The Court finds that on July 14, 2014, Ms. Humphrey stated that she would be able to complete and file the reporter's records in *Bankett, Perez, Acosta,* and *Markle* in the next three weeks (R.R.XIV 73).

**Supplemental Findings of Fact**

1. Trial counsel properly filed notice of appeal, and appellate counsel properly filed a specific designation of reporter's record, requesting a record in this case.

2. Ms. Humphrey's medical condition, personal, and professional problems during the latter part of 2013, and early 2014, indicate she may not have been in a condition where she could reliably report and transcribe the proceedings, or otherwise conduct herself in a professional manner. (R.R.II 7-13), (R.R.III 5), (R.R.VI 12).

3. Ms. Humphrey never filed the completed reporter's record as she stated she would do at the July 24, 2014, hearing.

4. The appellant bears no fault for Ms. Humphrey's failure to complete and file the reporter's record.

5. The reporter's record is necessary to the appeal's resolution.

6. The reporter's record cannot be replaced, nor can the parties agree to the facts contained in the record.

7. On August 15, 2014, at the conclusion of the contempt hearing, the undersigned ordered Ms. Humphrey to then and there provide the court or court manager's office with a copy of all audio and stenographic files in all abatement cases then pending before the court.

8. Ms. Humphrey failed to do so at that time or at any time between August 15, 2014, and February 26, 2015.

9. The exhibits and/or copies of the exhibits were filed with the Court of Appeals.

## Conclusions of Law

1.  Sondra Humphrey violated her oath to keep a correct, impartial record of (1) the evidence offered in the case; (2) the objections and exceptions made by the parties to the case; and (3) the rulings and remarks made by the court in determining the admissibility of testimony presented in the case. Tex. Gov't Code Ann. § 52.045(b) (West Supp. 2014).

2.  The appellant is entitled to a new trial. Tex. R. App. P. 34.6(f).

Signed February 27, 2014.

_____
SHERMAN A. ROSS, Judge Presiding[2]

---

[2] Tex. Gov't Code Ann. §§ 74.056(a), 74.121 (West Supp. 2014)